FILED
SUPERIOR COURT
OF GUAM

2014 APR 10 AM 11: 42

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KIKUKO R. NGIRAINGAS, | Case No. CV 1980-11 |
| Plaintiff, | |
| vs. | |
| | FINDINGS OF FACT AND CONCLUSIONS OF LAW (Bench Trial) |
| JOHN KENNEDY BURKE and JOHN K. BURKE, TRUSTEE OF THE JOHN KENNEDY BURKE LIVING TRUST, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 27, 28, and 29, 2014 for a bench trial. Attorney F. Randall Cunliffe represents Plaintiff and Attorneys Elyze M. Iriarte and Michael J. Gatewood represent Defendants. The Court took the matter under advisement after the parties presented their cases. Upon review of the evidence, arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law.

## PROCEDURAL HISTORY

1. On December 29, 2011, Plaintiff filed her Complaint for Cancellation of Deed. Plaintiff contends that Defendant Burke secured her Property through fraud and, therefore, the Court must cancel Defendant Burke's warranty deed and declare Plaintiff owner of the premises in fee simple.

2. On July 12, 2012, Defendant Burke filed his Answer and Counterclaim, and on July 19, 2012, Defendant Burke filed his Amended Counterclaim. Defendant Burke presents claims of quantum meruit for expenses incurred in relation to the Property,

i.e., paying Plaintiff's loan as well as taxes, maintenance, and repairs. Defendant Burke also alleges Plaintiff negligently damaged the Property. Defendants further claim that, if a loan agreement existed between the parties, Plaintiff breached the contract. Finally, Defendant Burke seeks ejectment.

3. On January 27, 28, and 29, 2014, the Court conducted a bench trial and took the matter under advisement.

4. On February 3, 2014, Plaintiff filed her Motion to Amend Complaint and Proposed Amended Complaint. In addition to her fraud allegation, Plaintiff contends that her reliance on Defendant Burke's statements entitles her to a constructive trust such that she shall have the use and benefit of the Property. Plaintiff also contends that Defendant Burke granted her a life estate in the Property and Defendant Burke's attempt to evict Plaintiff constitutes breach of contract.

5. On February 7, 2014, Defendant Burke filed his Opposition to the Motion to Amend Plaintiff's Complaint.

6. On February 25, 2014, Plaintiff and Defendant Burke each filed Proposed Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The property at issue is Lot 1, Block 11, Unit 11, Tract 100, Dededo, Guam, otherwise designated as 108 West Daog Court, Dededo, Guam (Property).

2. Plaintiff is the former owner of the Property.

3. Plaintiff has resided at the Property at all times relevant to the instant matter, and continues to reside at the Property.

4. Plaintiff is 86 years old. She communicates in her native Palauan and possesses limited English proficiency.

5. Plaintiff's daughters are Anita R. Ngiraingas, Josepha R. Ngiraingas, and Sandy R. Ngiraingas. Plaintiff's son is Bolandis R. Ngiraingas, and his partner is Defendant Burke.

6. Plaintiff requires translation of English into Palauan to communicate; translation is typically performed by Bolandis, one of her daughters, or another family member.

7. On November 29, 1996, Plaintiff and her daughters entered into an Open-End Loan Account Agreement with a credit limit of $45,000, as well as an Open-End Loan

Account Mortgage on the Property. Plaintiff and her daughters signed all pertinent documents.

8. On August 3, 2001, Defendant Burke established the John Kennedy Burke Living Trust (Trust) to enable efficient administration of his estate upon his death. Defendant Burke is a party to the instant action in his individual and trustee capacities.

9. On December 27, 2001, the loan matured and the outstanding principal and interest—about $48,000—became due on March 4, 2002.

10. Plaintiff and her daughters were unable to repay the balance and therefore the Property was at risk of foreclosure.

11. Although Bolandis was unable to provide financial assistance, he secured assistance from Defendant Burke for the funds to prevent foreclosure on the Property.

12. Defendant Burke agreed to purchase the Property, via a loan from his father. His intention was that Plaintiff could continue to reside there, rent-free, without risk of foreclosure.

13. On April 30, 2002, Plaintiff sold the Property to Defendant Burke in exchange for the outstanding balance of the loan. Defendant Burke also paid closing fees and outstanding taxes on the Property. Plaintiff and Defendant Burke signed all pertinent documents. No valuation of the Property was conducted. There was no loan agreement between the parties.

14. Plaintiff exhibits limited comprehension of the nature of the instant proceedings as well as of the loan, mortgage, and eventual transfer of the Property to Defendant Burke. In particular, Plaintiff evinces an erroneous belief that she never sold the house.

15. Notwithstanding Plaintiff's apparent confusion, Defendant Burke did not make any misrepresentations in acquiring the Property. Defendant Burke denies any intention to purchase the Property without Plaintiff's knowledge. Defendant Burke relied on members of Plaintiff's family to translate for her.

16. On May 10, 2005, Defendant Burke amended the Trust. Section 6.02(c) of the First Amendment to the Trust provides, in pertinent part, that if neither Bolandis nor his nephew, Drayson Josh Ngiraingas, survives Defendant Burke, then the Property

"shall continue to be held in trust during the lifetime of [Plaintiff, and she] shall have the right to occupy [the Property] without payment of rent." The subsection further provides for distribution of the Property upon her death or in the event she is not living at a time when the Property would be distributed.

17. Section 6.03(e) of the First Amendment to the Trust provides, in pertinent part, that if Bolandis does not survive Defendant Burke, then Defendant Burke "shall hold, administer and distribute the trust for the benefit" of Drayson. The subsection further provides that if Plaintiff "is living at the time the trust is established under this section 6.03, she shall have the right to live in the [Property] during her lifetime, without payment of rent," unless Defendant Burke exercises the right to sell due to insufficient funds or changed circumstances, or until Drayson reaches age 21.

18. Plaintiff, Defendant Burke, Bolandis, and Drayson are alive.

19. On November 30, 2011, counsel for Defendant Burke delivered to Plaintiff a notice that "Mr. Burke has elected to terminate the month to month tenancy at will by which [Plaintiff and her daughters] occupy the [Property]."

20. Defendant Burke sought to "terminate the month to month tenancy at will" because Plaintiff continually allowed other persons to stay in the home against his wishes and at risk to the condition of the Property.

21. On March 15, 2012, Defendant Burke amended the Trust to delete Sections 6.02 and 6.03, as well as any mention of Plaintiff, as set forth in the First Amendment to the Trust.

22. Since acquiring title to the Property, Defendant Burke expended about $111,000 for repairs, renovations, taxes, and insurance on the Property. Some expenses were incurred for the benefit of Plaintiff.

23. Defendant Burke intends to sell the Property.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 7 GCA § 3105.

2. After the close of evidence, Plaintiff filed her Motion to Amend Complaint and Proposed Amended Complaint. Rule 15 of the Guam Rules of Civil Procedure provides, in pertinent part, that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if

they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by motion of any party at any time[.]" Guam's Rule 15 is based on the substantially similar Rule 15 of the Federal Rules of Civil Procedure. "An amendment will be allowed only if the parties have received actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise that might result from the change in the pleadings." 6A Fed. Prac. & Proc. Civ. § 1491 (3d ed.).

3. The evidence adduced at trial demonstrates that the Plaintiff believes she owns the Property, the Trust provides lifetime occupancy for Plaintiff at least under some circumstances, and Defendant Burke purchased the Property with the intent of allowing Plaintiff to reside there indefinitely and rent-free without risk of foreclosure. Plaintiff's proposed amended claims plainly conform to this evidence in that each is premised on the fact that Plaintiff believed that she could continue to live on the Property indefinitely. Although the claims initially were unpleaded, both parties were well on notice that this issue was at the core of the dispute. Plaintiff's Motion to Amend is therefore granted.

4. Plaintiff first seeks cancellation of Defendants' warranty deed on grounds of fraud. The elements of fraud are: 1) a misrepresentation; 2) knowledge of its falsity; 3) intent to defraud to induce reliance; 4) justifiable reliance; and 5) resulting damages. Hemlani v. Flaherty, 2003 Guam 17, ¶ 9 (quoting Transpacific Export Co. v. Oka Towers Corp., 2000 Guam 3, ¶ 23). There is no evidence that Defendant Burke made a misrepresentation and, accordingly, there is likewise no evidence to support a finding that Defendant Burke had knowledge of falsity, intent to defraud, and induced justifiable reliance on a misrepresentation. The elements of fraud are therefore not met, and Plaintiff has failed to demonstrate that she is entitled to cancellation of the deed.

5. Plaintiff next presents two related claims to support her contention that she may not be evicted from the Property. Each appears to be premised on the grant of a life estate, which must be written and which entitles such an owner to "use the land in

the same manner as the owner of a fee simple, except that he must do no act to the injury of the inheritance." 18 G.C.A. § 86106; 21 G.C.A. § 9101.

6. Plaintiff first argues that she is entitled to a constructive trust because Defendant Burke obtained the Property for less than half of its valuation and because Plaintiff relied on representations made by Bolandis on behalf of Defendant Burke insofar as she believed she would be able to continue to live on the Property without restriction and rent-free. "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." 18 G.C.A. § 65110; see also Black's Law Dictionary (9th ed. 2009) (defining constructive trust as "[a]n equitable remedy that a court imposes against one who has obtained property by wrongdoing"). Importantly, a constructive trust need not be based on fraud or intentional misrepresentation. In re Moylan, 2011 Guam 16, ¶ 19. A mistake is defined as "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary (9th ed. 2009) (citing Restatement (Second) of Contracts § 151).

7. Plaintiff, although uncertain about the nature of this dispute, unequivocally testified that she believed she owned the house and was entitled to continue to reside there. Nevertheless, Plaintiff signed the loan, mortgage, and sale documents. In light of these facts, as well as the fact that Plaintiff relied on interpretation to supplement her limited English, the Court concludes that Plaintiff's understanding of the key aspects of this case rests on a mistake, i.e., an error, misconception, misunderstanding, or erroneous belief.

8. Defendant Burke purchased the Property so that Plaintiff could continue to reside there, rent-free, without risk of foreclosure. The Trust terms clearly outline a life estate for Plaintiff according to whether beneficiaries Bolandis and Drayson did or did not survive Defendant Burke. However, the First Amendment to the Trust did not address the status of the Property in relation to Plaintiff while Bolandis, Drayson, Defendant Burke, and Plaintiff all remained alive. Indeed, Section 6.03 of the Trust, which permits Defendant Burke to sell the Property and evict Plaintiff, applies only

if Bolandis does not survive Defendant Burke. The Second Amendment eliminated all reference to Plaintiff.

9. Were this Court to adopt Defendant Burke's position, then the practical effect of his purchase would be that he bought the home for about $50,000, without respect to its actual value, and reserved the right to evict Plaintiff whenever he wished to sell or identified changed circumstances. The Guam Supreme Court has made clear that the "the primary reason for imposing a constructive trust is to avoid unjust enrichment." In re Moylan, 2011 Guam 16, ¶¶ 66, 69. While it may be unclear from the evidence what precise legal interest the Plaintiff expected to retain in the Property, it is clear that she at a minimum intended to remain on the Property free of rent. Indeed, Defendant Burke purchased the Property so that she could reside there rent-free, and inserted life estate provisions into the Trust. The Court therefore concludes that Defendant Burke would be unjustly enriched at the expense of Plaintiff if he were allowed evict Plaintiff from the Property. See id.; Guam Bar Ethics Comm. v. Maquera, 2001 Guam 20, ¶¶ 30-33. Plaintiff has established grounds for the Court to impose a constructive trust. Accordingly, Plaintiff shall have a life estate in the Property such that she may reside there rent-free until her death. The conveyance of the Property from Plaintiff to Defendant Burke otherwise is unaffected.

10. Plaintiff also premises her right to a life estate in the Property on a theory of breach of contract. "A contract is an agreement to do or not to do a certain thing." 18 GCA § 85101. The elements of a contract are: 1) parties capable of contracting; 2) consent of the parties; 3) a lawful object; and 4) sufficient consideration. 18 GCA § 85102; Blas v. Cruz, 2009 Guam 12, ¶ 18. Here, there is no evidence to support a finding that the parties agreed to a contract granting Plaintiff a life estate. It bears repeating Plaintiff apparently is under the belief that she continues to own the Property unencumbered. Plaintiff therefore has failed to demonstrate that Defendant Burke is liable for breach of contract. And, in any event, Plaintiff is entitled to a life estate on the basis of the constructive trust discussed above.

11. Defendant Burke presents a counterclaim of quantum meruit to recover expenses he incurred in relation to the Property such as payment of Plaintiff's loan as well as taxes, insurance, repairs, and improvements. "The essence of quantum meruit

liability is the receipt of a benefit by one party which would be inequitable for that party to retain," and the elements of such liability are the performance of services by the claimant, the receipt of the benefit of those services by the opposing party, and the unjustness of the latter party's retention of that benefit without compensating the claimant. Tanaguchi-Ruth Associates v. MDI Guam Corp., 2005 Guam 7, 27 (quoting Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp., 907 F.2d 732, 737 (7th Cir. 1990)) (additional citations omitted). However, one may not recover on quantum meruit where the services are rendered without anticipation that compensation will be received, i.e., "[t]here can be no recovery for services rendered voluntarily and with no expectation at the time of the rendition that they will be compensated." Tanaguchi-Ruth Associates, 2005 Guam 7, ¶ 55 (citing Sparks v. Gustafson, 750 P.2d 338, 342 (Alaska 1988) ("Courts will allow the defendant to retain a benefit without compensating plaintiff in several situations, one of which is where the benefit was given gratuitously without expectation of payment.")).

12. There is no evidence that Defendant Burke incurred expense in relation to the Property with the understanding that he would be repaid anything. Instead, Defendant Burke purchased the Property with the intention to allow Plaintiff to reside there rent-free. Moreover, Defendant Burke incurred other expenses in relation to the Property for the sake of maintaining the Property both for Plaintiff and for beneficiaries of the Trust. On the facts presented here, therefore, Defendant Burke has failed to demonstrate that he is entitled to quantum meruit recovery from Plaintiff.

**SO ORDERED** this ___10___ day of April, 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Cunliffe; Iriarte
Gatewood
Date: 4/10/14 Time: 12 PM
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam